# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL GRAY,** <br> Individually And On Behalf Of <br> All Others, <br><br> Plaintiffs, <br><br> vs. <br><br> **COMMUNICATION SOLUTIONS** <br> **AND TECHNOLOGY, INC.** <br> Registered Agent: <br> David K Sanford, CPA <br> 1655 S. Enterprise, Ste. B-4 <br> Springfield, MO 65804 <br><br> Defendant. | Case No.: 6:18-cv-3335 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

**COMES NOW** the Plaintiff, Michael Gray, by and through his attorneys, and brings the following class action petition against Defendant, Communication Solutions and Technology, Inc., ("Defendant"), pursuant to the Fair Credit Reporting Act ("FCRA").

## PRELIMINARY STATEMENTS

1. Plaintiff brings this action against Defendant for violations of the FCRA.

2. Defendant obtained information concerning the Plaintiff from HireRight.

3. Defendant paid a fee to HireRight for the information it obtained concerning the Plaintiff.

4. The information obtained from HireRight concerning the Plaintiff was a consumer report (as a consumer report is defined pursuant to the FCRA).

5. Defendant relies on information in consumer reports to make decisions regarding

prospective or current employees.

6. Defendant relies on information in a consumer report, in whole or in part, as a basis for adverse employment action; such as a refusal to hire and/or termination.

7. Plaintiff asserts FCRA claims against Defendant on behalf of himself and a class of Defendant's employees and prospective employees whose rights under the FCRA were violated.

8. On behalf of himself and all class members, Plaintiff seeks statutory damages, punitive damages, costs and attorneys fees, and all other relief available pursuant to the FCRA.

## PARTIES

9. Plaintiff is a resident of Springfield, Missouri. Plaintiff is a member of the Putative Class defined below.

10. Defendant is a domestic company doing business in Missouri and throughout the United States.

## JURISDICTION AND VENUE

11. This court has jurisdiction over Plaintiff's FCRA claim pursuant to 28 U.S.C. § 1331.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Plaintiff resides in Springfield, Missouri, applied to work for Defendant in Springfield, Missouri, and her claims arise, in substantial part, in Springfield, Greene County, Missouri.

13. Defendant regularly conducts business in Missouri and is subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

14. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

15. Plaintiff applied online for employment with Defendant in or about August 2018.

16. Plaintiff received a call from a woman, a representative for Defendant, who asked the Plaintiff a couple of questions and told Plaintiff they were running a background check on him.

17. Plaintiff went in for an interview, with the same woman who called him, on or about August 31, 2018.

18. Plaintiff was told by the Defendant at the interview that they were running another background check on the Plaintiff.

19. Plaintiff told the interviewer about his criminal convictions.

20. Plaintiff was told by the interviewer that the background check would only go back seven years.

21. Plaintiff was told at the interview that he was hired and orientation was on September 4, 2018.

22. Plaintiff filled out employment paperwork after the interview.

23. Plaintiff was informed that any investigation into his criminal history would be limited to seven years.

24. Plaintiff did not authorize the Defendant to investigate his criminal history beyond seven years.

25. The Defendant did not have authorization to obtain a consumer report regarding his criminal history beyond seven years.

26. The Defendant obtained a consumer report on the Plaintiff in violation of the FCRA.

27. Plaintiff worked for the Defendant from on or about September 4, 2018, through on or about September 17, 2018.

28. On or about September 17, 2018, Plaintiff was asked by a supervisor, Bernie, if he could switch to the 1pm to 10pm shift.

29. Plaintiff told Bernie he could not switch.

30. Bernie returned shortly thereafter and told the Plaintiff to log off the computer.

31. Plaintiff was escorted by Bernie to an office where another employee, believed to be named Shelly, told Plaintiff he was being fired because of information in his background report.

32. Plaintiff did not know what was in the report.

33. Plaintiff did not know if the report was accurate.

34. Plaintiff was not given a proper opportunity to contest the report.

35. The report obtained by the Defendant, concerning the Plaintiff, was a consumer report.

36. Denying the Plaintiff a job because of information in his consumer report is an adverse action (as an adverse action is defined pursuant to the FCRA).

37. Plaintiff was not provided with a reasonable amount of time to contest or explain the information contained in the consumer report.

38. Plaintiff was not provided with an FCRA summary of rights prior to the adverse action that was based upon his consumer report.

39. Plaintiff was not provided with a copy of his consumer report prior to the adverse action.

40. Plaintiff did not understand his FCRA rights and did not know how or if he could

challenge the adverse action.

41. Defendant's sudden termination of employment caused the Plaintiff to suffer stress and anxiety.

42. Defendant's denial of employment prior to the receipt of the consumer report and the FCRA Summary of Rights left the Plaintiff confused regarding the ability to challenge the consumer report.

43. Plaintiff could have addressed the report if given the proper opportunity.

44. Plaintiff may have been able to keep his job if given the opportunity to address the consumer report prior to his termination.

45. The consumer report was not accurate.

46. The consumer report was misleading.

47. The consumer report indicated that the Plaintiff had suffered criminal charges in the last seven years.

48. Plaintiff has not suffered criminal charges in the last seven years.

49. Plaintiff has not been charged with any felony criminal charges in the last seven years.

50. Plaintiff has not been convicted of any felony criminal charges in the last seven years.

51. Plaintiff has not pled guilty to any felony criminal charges in the last seven years.

52. The consumer report obtained by the Defendant from HireRight indicated that the Plaintiff has felony criminal charges in the last seven years.

53. The consumer report produced by HireRight was inaccurate and misleading.

54. Defendant is not a trucking company.

55. Defendant did not allow the Plaintiff an opportunity to review the information contained within the consumer report and respond before the adverse action.

56. Plaintiff was deprived of a chance to obtain the benefits set forth by 15 U.S.C. §1681b(b)(3).

57. Defendant contracted with the third party providing consumer reports that it would provide a copy of the consumer report and a copy of the FCRA Summary of Rights before any adverse action was taken based in whole or in part on information contained within a consumer report.

58. The agreements made between the Defendant and the consumer reporting agency contain promises that require the Defendant to abide by the protections provided by 15 U.S.C. §1681b(b)(2) and b(b)(3).

59. Defendant is aware of the FCRA.

60. Defendant has knowledge that it must comply with the FCRA.

61. The FCRA creates a *de facto* contract between the Plaintiff and the Defendant that if the Defendant accesses a Plaintiff's private information contained in a consumer report then the Defendant will abide by the requirements of 15 U.S.C.§1681b(b)(3).

62. Defendant obtained Plaintiff's and other individual's private information contained in consumer reports but violated the provisions of the FCRA and breached the de facto contract created by the Act.

63. Despite having knowledge of the requirements of the FCRA, Defendant failed to comply with the FCRA.

64. Defendant's failure to provide the Plaintiff with a copy of the consumer report, a

reasonable notice period in which to challenge any inaccuracy in the consumer report, or a written description of rights under the FCRA prior to the adverse action, constitutes multiple violations of the FCRA.

65. Defendant's violations of the FCRA combined with its knowledge of the requirements of the FCRA is evidence that the Defendant's violations were willful.

66. The manner in which the Defendant obtained a consumer report on the Plaintiff is consistent with its policies and procedures governing the procurement of consumer reports on individuals for employment purposes.

## CLASS ACTION ALLEGATIONS

67. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

68. Plaintiff asserts the following proposed classes defined as:

    **Adverse Action Class:** All individuals that suffered an adverse employment action on or after October 11, 2016, that was based, in whole or in part, on information contained in a consumer report, and who were not provided a copy of the report, a reasonable notice period in which to challenge the consumer report in advance of said adverse employment action by the Defendant.

    **Authorization Class:** All individuals in which the Defendant obtained a consumer report that contained information that exceeded the scope of authorization obtained by the Defendant from October 11, 2013, through the conclusion of this matter.

### Numerosity

69. The proposed class is so numerous that joinder of all class members is impracticable. Defendant regularly obtains and uses information in consumer reports to evaluate individuals for employment purposes. Defendant relies on the information contained it said consumer reports, in whole or in part, as a basis for

adverse employment action. Given the nature of Defendant's business, Plaintiff believes that during the relevant time period, a sufficient number of individuals would fall within the definition of the class.

## Common Questions of Law and Fact

70. Virtually all of the issues of law and fact in this class action or, to the class predominate over any questions affecting individual class members. Among the questions of law and fact common to the class are:

    a. Whether Defendant uses information obtained from consumer reports to evaluate employees and prospective employees;

    b. Whether the Defendant obtained consumer reports that contained information beyond the scope of authorization given;

    c. Whether Defendant violated the FCRA by taking adverse action against Plaintiff and other members of the Adverse Action class on the basis of information in a consumer report, without first providing a copy of the report to the affected individuals;

    d. Whether the Defendant violated the FCRA by failing to provide the Plaintiff and other members of the Adverse Action Class with a reasonable amount of time to contest any inaccuracy within the consumer report prior to the adverse employment action;

    e. Whether Defendant's violations of the FCRA were willful;

    f. The proper measure of statutory damages and punitive damages.

## Typicality

71. Plaintiff's claims are typical of the members of the proposed class. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members. Defendant typically uses consumer reports to take adverse actions but fails to provide the consumer a copy of the report before taking an adverse employment action based on information contained in said report. The Defendant

also obtains consumer reports that contain information beyond the scope of authorization obtained. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members and the Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

### Adequacy of Representation

72. Plaintiff, as representative of the class, will fairly and adequately protect the interests of the class and has no interest that conflict with or are antagonistic to the interest of the class members. Plaintiff has retained attorneys competent and experienced in class action litigation. No conflict exists between Plaintiff and members of the class.

### Superiority

73. A class action is superior to any other available method for the fair and efficient adjudication this controversy, and common questions of law and fact overwhelmingly predominate over individual questions that may arise.

74. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the putative class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual class member's claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

75. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because

Defendant has acted or refused to act on grounds that apply generally to the class, so that any final relief is appropriate respecting the class as a whole.

76. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the putative class predominate over any questions affecting only individual members of the putative class, and because a class action superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against the Defendant, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result the inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all putative class members' claims in a single forum.

77. Plaintiff intends to send notice to all members of the putative class to the extent required by Rule 23. The names and address of the potential class members are available from Defendant's records.

## FCRA VIOLATIONS

78. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

79. Defendant obtained a "consumer report," as defined by the FCRA, concerning the Plaintiff.

80. Defendant used information from a consumer report, as defined by the FCRA, as a basis to take adverse employment action against the Plaintiff, and on information and belief, other members of the adverse action class.

81. Defendant violated the FCRA by failing to provide Plaintiff, and other adverse action class members, with a copy of the consumer report that was used to take adverse employment action against them prior to the adverse action.

82. Defendant violated the FCRA by failing to provide the Plaintiff and other adverse action class members with a reasonable time to contest any inaccuracies within the consumer reports prior to the adverse action.

83. Defendant violated the FCRA by exceeding the scope of authorization they obtained from the Plaintiff and other individuals.

84. Had the Defendant not exceeded the authorization from the Plaintiff, Plaintiff would have maintained his employment.

85. Had Defendant complied with the FCRA, Plaintiff would have been given a copy of the Summary of Rights.

86. Had Defendant complied with the FCRA, Plaintiff would have been given more time to review, dispute and/or address the information contained in the consumer report.

87. Plaintiff was not provided with a reasonable amount of time to challenge any inaccuracy that was present within the consumer report before being denied employment.

88. Plaintiff was not provided with a FCRA Summary of Rights prior to the adverse action that was based in whole or in part upon the consumer report.

89. The Defendant's failure to provide the Plaintiff a copy of the consumer report or the FCRA Summary of Rights denied the Plaintiff a meaningful opportunity to address the information contained within the consumer report.

90. Being provided a copy of the consumer report before termination, in compliance with the FCRA, would have helped the Plaintiff understand what information the Defendant was using against him.

90. A copy of the Summary of Rights before denied employment would have helped the Plaintiff understand what his rights were and would have provided valuable information that may have assisted the Plaintiff in maintaining employment.

91. Defendant's failure to comply with the unambiguous mandates of the FCRA injured the Plaintiff.

92. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and rights of Plaintiff and other adverse action class members under the provisions of the FCRA. Defendant's willful conduct is reflected by, among other things, the following facts:

   a. Defendant has access to legal advice through outside employment counsel;

   b. Defendant committed multiple violations of the FCRA by not providing the Plaintiff with a copy of the consumer report, and not providing the Plaintiff with a reasonable notice period to cure inaccuracies before taking adverse employment action as mandated by the FCRA;

   c. The Defendant has ignored regulatory guidance from FTC Informal Staff Opinions and the unambiguous language of the FCRA; and

   d. 15 U.S.C. §1681b(b)(1) required the Defendant to certify that it would comply with the pre-adverse notice requirements of 15 U.S.C. §1681b(b)(3).

93. Plaintiff and the proposed class members are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

94. Plaintiff and the proposed class members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

95. Plaintiff and the proposed class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

**WHEREFORE,** the Plaintiff respectfully requests that this Court issue an Order for the following:

   a. An Order that this action may proceed as a class action under Rule 23 of the Federal Rules of Civil Procedure;

   b. Order designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

   c. Order directing proper notice to be mailed to the Putative Classes at Defendant's expense;

   d. Order finding that Defendant committed multiple, separate violations of the FCRA;

   e. Order finding that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations of the FCRA;

   f. Order awarding statutory damages and punitive damages as provided the FCRA;

   g. Order awarding reasonable attorneys' fees and costs as provided by the FCRA; and

h. Order finding that the Defendant breached an implied contract that they would comply with the FCRA if provided a copy of Plaintiff's consumer report;

i. Order granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## Demand for Jury Trial

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff and all members of the proposed class have a right to jury trial.

By: /s/ C. Jason Brown
Charles Jason Brown MO 49952
Jayson A. Watkins MO 61434
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF